UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DAVID DAVON ADAMS,

                Plaintiff,

      -v-                                                                      25-CV-410JLS(Sr)

CREDIT ACCEPTANCE CORPORATION,

LVNV FUNDING LLC,

TRANSUNION LLC,

EXPERIAN INFORMATION SOLUTIONS, INC.,

EQUIFAX INFORMATION SERVICES LLC,

SELF FINANCIAL, INC.,

and

REGIONAL ACCEPTANCE CORPORATION,

                Defendants.
_____

### DECISION AND ORDER

        This case was referred to the undersigned by the Hon. John L. Sinatra, pursuant to 28 U.S.C. § 636(b), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #13.

        Plaintiff commenced this action, *pro se*, alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, the Fair Debt Collection Procedures Act, 15 U.S.C. § 1692 *et seq.*, and New York General Business Law §349,

as well as common law claims of negligence and defamation based upon defendants' failure to resolve a disputed delinquency on an auto loan following a motor vehicle accident. Dkt. #7. More specifically, documentation proffered by plaintiff suggests that Credit Acceptance Corporation accepted assignment of a retail installment contract for the purchase of a used 2008 Toyota Prius which was declared a total loss in 2019 and that Credit Acceptance Corporation reported and continued to report an outstanding balance on the loan despite plaintiff's assertion that the loan balance was paid by Guaranteed Asset Protection ("GAP"), insurance coverage.

**Default**

Plaintiff has filed repeated motions for entry of default and default judgment, as well as a motion to vacate the Court's denial of entry of default and the Court's grant of extensions of time to respond to the amended complaint. Dkt. ##34, 35, 36, 38, 43, 45, 57, 59, 60, 65, 68, 69, 70, 71, 74, 76 & 77.

Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit, or otherwise, the clerk must enter the party's default." After default has been entered, and the defendant fails to appear or move to set aside the default pursuant to Rule 55(c), plaintiff may move for entry of a default judgment pursuant to Rule 55(b). *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981).

The determination as to whether to grant a motion for default judgment is entrusted to the sound discretion of the district court upon consideration of the same factors which apply to a motion to set aside the entry of default, *to wit*: (1) whether the defendant's default was willful; (2) whether the defendant has a meritorious defense to plaintiff's claims; and (3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment. *Stokes v. MilkChocolateNYC LLC*, 681 F.Supp.3d 226, 236 (S.D.N.Y. 2023); *See also Nevelskiy v. Advanced Prof'l Grp., Inc.*, 735 F.Supp.3d 148, 156 (E.D.N.Y. 2024) (Court may consider "whether plaintiff has been substantially prejudiced by the delay involved and whether the grounds for default are clearly established or in doubt."). Disposition of motions for entries of default and default judgments and relief from the same under Rule 55(c) are left to the sound discretion of a district court because the district court is in the best position to assess the individual circumstances of a given case and to evaluate the credibility and good faith of the parties. *Enron Oil Corp. v. Diahuhara*, 10 F.3d 90, 95 (2d Cir. 1993). However, the Court of Appeals has often stated its preference for resolution of disputes on the merits and repeatedly advised district courts that defaults are generally disfavored and should be reserved for rare occasions. *Id.*

Entry of default and default judgment is not appropriate as to any of the defendants in this action. As an initial matter, plaintiff has not established the details of service so as to demonstrate that service was sufficient to obtain jurisdiction over defendants. *See Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading Corp.,* 619 F.3d 207, 213 (2d Cir. 2010) (court should assure itself that it has personal jurisdiction over the

defendant before granting motion for default judgment); *See also Sik Gaek, Inc. v. Yogi's II, Inc.*, 682 Fed. App'x 52, 54 (2d Cir. 2017) (plaintiff bears the burden of demonstrating, *inter alia*, "that the nonappearing party was effectively served with process."), *cert. denied*, 583 U.S. 825 (2017). As an example, plaintiff's Proof of Service (Dkt. #8), indicates that plaintiff served Credit Acceptance Corporation on June 2, 2025, but other documents proffered by plaintiff establish that plaintiff sent certified mail to Credit Acceptance Corporation on May 28, 2025. Dkt. #23, p.10.  Rule 4(c)(2) of the Federal Rules of Civil Procedure provides: "Any person who is at least 18 years old and *not a party* may serve a summons and complaint." (emphasis added). Moreover, service by mail is not sufficient service upon a corporation. *See Plunkett v. U.S. Bank Nat'l Assoc.*, 2025 WL 1489904, at *5-6 (E.D.N.Y. May 23, 2025) ("neither federal nor state law permits service on a corporation via mere mailing."), *citing* F.R.C.P. 4(h).

In any event, denial of default judgment will not prejudice plaintiff because defendants appeared within a reasonable time of receiving notice of this action. Summons were issued on May 28, 2025 and LVNV Funding LLC moved for an extension of time to answer, move or otherwise respond to the Complaint on June 17, 2025. Dkt. #9. Judge Sinatra granted that motion and extended the deadline for LVNV Funding LLC to respond to the Complaint to July 24, 2025.  Although the summons for Regional Acceptance Corporation was not issued until the filing of plaintiff's Amended Complaint on June 3, 2025, Regional Acceptance Corporation moved for an extension of time to answer, move or otherwise respond to the amended complaint on June 23, 2025 (Dkt. #16), and this Court extended the time for Regional Acceptance Corporation

to respond to the Amended Complaint to July 24, 2025. Dkt. #17. Self Financial, Inc. moved for an extension of time to answer, move or otherwise respond to the amended complaint on June 23, 2025 (Dkt. #25); their deadline was extended to July 23, 2025. Dkt. #29. Experian Information Solutions, Inc. moved for an extension of time to answer, move or otherwise respond to the amended complaint on June 24, 2025 (Dkt. #28); their deadline was extended to July 25, 2025.  Dkt. #31. Equifax Information Services LLC moved to dismiss on June 23, 2025 (Dkt. #21); Credit Acceptance Corporation moved to compel arbitration and stay proceedings on June 23, 2025 (Dkt. #27); and TransUnion LLC moved to dismiss on June 26, 2025. Dkt. #49. Thus, all defendants have either responded to the amended complaint or received an extension of time to do so within a month of the issuance of summons in this action. *See Nationsbank of Fla. v. Banco Exterior de Espana,* 867 F. Supp. 167, 174 (S.D.N.Y. 1994) (F.R.C.P. 12(a) affords court discretion to extend the time permitted to answer a complaint); *Strong v. City of N.Y.*, 24 Civ. 2315, 2025 WL 861030, at *2 (S.D.N.Y. Mar. 19, 2025) (minimal delay did not warrant default judgment).

Finally, defendants' motions to dismiss (Dkt. ##21, 27 & 49), as well as documents proffered by plaintiff (Dkt. #3-2, p.3), suggest that defendants may possess a meritorious defense.

### Discovery

Plaintiff moves to compel discovery and for sanctions against defendants for their failure to pursue discovery. Dkt. ##40, 46, 66, 67.

A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f) of the Federal Rules of Civil Procedure, except in proceedings exempted from initial disclosure as set forth in Rule 26(a)(1)(B), or when authorized by the Federal Rules of Civil Procedure, by stipulation, or by court order. F.R.C.P. 26(d)(1). Unless the court orders otherwise, the initial conference pursuant to Rule 26(f) is required to be held as soon as practicable, or at least 21 days before a scheduling conference is to be held or a scheduling order is due pursuant to Rule 16(b). F.R.C.P. 26(f)(1). The scheduling order must be issued as soon as practicable, but no later than 90 days after any defendant has been served with the complaint or 60 days after the defendant has appeared "unless the judge finds good cause for delay." F.R.C.P. 16(b)(2).

In light of the pending motions to dismiss, which may completely dispose of the case against certain defendants or otherwise narrow the issues in dispute, the Court finds good cause to delay issuance of a scheduling order. *See Israel v. O'Malley*, 24-CV-86, 2024 WL 5040722, at *1 (W.D.N.Y. Dec. 9, 2024). The Court also finds good cause to delay issuance of a scheduling order pending the approaching deadline for the remaining defendants to respond to the amended complaint, which may result in additional motions to dismiss all or part of plaintiff's claims. *See Fowler v. Hannibal Cent. Sch*., 23-CV-6509, 2024 WL 4762726, at *2 (W.D.N.Y. Nov. 13, 2024) (finding good cause to delay issuance of a scheduling order until all parties have responded to complaint).

**CONCLUSION**

For the foregoing reasons, plaintiff's motions (Dkt. #34, 35, 36, 37, 38, 40, 43, 45, 46, 57, 59, 60, 65, 66, 67, 68, 69, 70, 71, 74, 76, 77), are denied and the Clerk of the Court is directed to vacate the entry of default (Dkt. #24), against Credit Acceptance Corporation.

The Clerk of the Court shall not accept any further motions seeking entry of default or default judgment, nor shall the Clerk of the Court accept discovery motions prior to the issuance of a Case Management Order following resolution of defendants' motions to dismiss.

**SO ORDERED.**

DATED:   Buffalo, New York
         July 16, 2025

                                          **s/ H. Kenneth Schroeder, Jr.**
                                          **H. KENNETH SCHROEDER, JR.**
                                          **United States Magistrate Judge**