**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

_____

**DAVID DAVON ADAMS,**

                 **Plaintiff,**

        **-v-**                                **25-CV-410JLS(Sr)**

**CREDIT ACCEPTANCE CORPORATION,**

**LVNV FUNDING LLC,**

**TRANSUNION LLC,**

**EXPERIAN INFORMATION SOLUTIONS, INC.,**

**EQUIFAX INFORMATION SERVICES LLC,**

**SELF FINANCIAL, INC.,**

**and**

**REGIONAL ACCEPTANCE CORPORATION,**

                 **Defendants.**

_____

## DECISION AND ORDER

         This case was referred to the undersigned by the Hon. John L. Sinatra,

pursuant to 28 U.S.C. § 636(b), for all pretrial matters and to hear and report upon

dispositive motions. Dkt. #13.

         Plaintiff commenced this action, _pro se_, alleging violations of the Fair

Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 _et seq_., the Fair Debt Collection

Procedures Act, 15 U.S.C. § 1692 _et seq_., and New York General Business Law §349,

as well as common law claims of negligence and defamation based upon defendants'
failure to resolve a disputed delinquency on an auto loan following a motor vehicle
accident. Dkt. #1. Plaintiff subsequently filed an amended complaint adding Regional
Acceptance Corporation as a defendant. Dkt. #7.

Currently before the Court is a motion by Credit Acceptance Corporation
("CAC"), to compel arbitration and stay proceedings pursuant to the Federal Arbitration
Act ("FAA").[1] Dkt. #27. In support of the motion, CAC references the Retail Installment
Contract ("Contract"), between plaintiff and Valu Auto Care Centers of WNY Inc., which
plaintiff attached to his complaint. Dkt. #3-1. The Contract includes a Notice of
Assignment of the Contract from Valu Auto Care Centers of WNY Inc. to CAC. Dkt. #1-
3, p.5. The Contract also includes an Arbitration Clause, initialed by the plaintiff, which
provides, in relevant part, that CAC can elect to arbitrate any controversy or claim
arising out of or in any way related to the Contract, including but not limited to any
default or collection of amounts due under the contract, and encompassing contract
claims, as well as claims based on tort, violations of laws, statutes, ordinances or
regulations or any other legal or equitable theories. Dkt. #3-1, p.6. The arbitrator is
authorized to award all remedies permitted by the substantive law that would apply if
the action were pending in court, including, without limitation, punitive damages and
attorneys' fees and costs. Dkt. #1-3, p.6. Decisions as to the validity, enforceability,
coverage and scope of the Arbitration Clause are reserved for the court. Dkt. #1-3, p.6.

_____

[1] A motion to compel arbitration is non-dispositive. *Chung v. Royal Care, Inc.*, 23-CV-
7962, 2025 WL 809900, at *2 (E.D.N.Y. Mar. 14, 2025) (collecting cases).

Plaintiff opposes the motion, arguing that the arbitration clause is unenforceable; the relief sought by plaintiff exceeds what can be awarded by arbitration; and that CAC waived any right to compel arbitration due to its delay. Dkt. #42.

CAC replies that the arbitration clause is enforceable; arbitration can afford plaintiff all of the relief sought in the complaint; and that it moved to compel arbitration on the day its response to plaintiff's complaint was due. Dkt. #96.

"The threshold question facing any court considering a motion to compel arbitration is whether the parties have indeed agreed to arbitrate. *Schnabel v. Trilegiant Corp.*, 697 F.3d 110, 118 (2d Cir. 2012). Pursuant to the FAA, a written provision in a contract to settle by arbitration a controversy thereafter arising under such contract shall be valid, irrevocable, and enforceable. 9 U.S.C. § 2. Given plaintiff's signature on the contract and his initials immediately under the Arbitration Clause, the Court finds that plaintiff consented to arbitration. *See Preston Frankford Shopping Ctr. Dallas, Tx. Ltd. P'ship v. Butler Dining Servs., LLC,* 757 F. Supp.2d 248, 252 (W.D.N.Y. 2010) (It is a fundamental principle of contract law that a person who signs a contract is presumed to know its terms and consents to be bound by them); *See also Fayez-Olabi v. Credit Acceptance Corp.*, 21-CV-5443, 2022 WL 2918119, at *2-3 (W.D.N.Y. July 25, 2022) (plaintiff is presumed to know the terms of the contract and to have consented to arbitration where his signature appears on the contract and his initials appear under the arbitration clause).

"Once it is established that a valid arbitration agreement exists, it must then be determined whether the particular dispute falls within the scope of the agreement." *Kelly v. DCC Tech. Holdings, Inc*., 724 F. Supp.3d 122, 155 (W.D.N.Y. 2024). As the arbitration agreement before the Court broadly "includes contract claims, and claims based on tort, violations of laws, statutes, ordinances or regulations or any other legal or equitable theories," and authorizes the arbitrator "to award all remedies permitted by the substantive law that would apply if the action were pending in court, including, without limitation, punitive damages . . . and attorneys' fees and costs," plaintiff's request for injunctive relief, as well as actual, statutory, and punitive damages under the FCRA, FDCPA, New York General Business Law § 349, and New York common law can all be addressed by the arbitrator. *See Robinson v. Macy's Inc*., 772 F. Supp.3d 253, 262 (D. Conn. 2025) (invocation of "any dispute" is the paradigm of a broad arbitration clause which gives rise to a presumption of arbitrability which is only overcome if it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute). Courts in this Circuit have confirmed that such expansive language includes statutory claims pursuant to the FCRA and FDCPA. *Id.; See also Fayez-Olabi,* 2022 WL 2918119, at *4 (arbitration clause allowing resolution of any dispute by arbitration encompassed FDCPA and FCRA claims); *Ostreicher v. TransUnion*, LLC, 19-CV-8174, 2020 WL 3414633, at *9 (S.D.N.Y. June 22, 2022) (district courts within the Second Circuit regularly compel arbitration of FCRA claims). In addition, "courts routinely enforce arbitration agreements in cases involving alleged violations of GBL §§ 349 & 350 and other consumer protection statutes." *Anderson v. Walmart Stores, Inc*., 16-CV-6488, 2017 WL 661188,

at *8 (W.D.N.Y. 2017). Furthermore, plaintiff's negligence and defamation claims are torts which are specifically included within the definition of arbitrable disputes and are based upon factual allegations of default and collection under the contract. *See Nicholas v. Wayfair Inc*., 410 F. Supp.3d 448, 454 (E.D.N.Y. 2019) (negligence claim emanated from usage of website governed by Terms of Use which included arbitration clause encompassing any dispute); *Cf. Leadertex, Inc. v. Morganton Dyeing & Finishing Corp*., 67 F.3d 20, 28 (2d Cir. 1995) (defamation claim exempt from arbitration where statements were unrelated to services covered by contract). Accordingly, all of plaintiff's claims against CAC fall within the scope of the arbitration clause.

Courts analyzing claims of waiver consider: (1) the time elapsed from when litigation was commenced until the request for arbitration; (2) the amount of litigation to date, including motion practice and discovery; and (3) proof of prejudice. *Pool Deals, LLC v. United Parcel Serv., Inc*., 454 F. Supp.3d 208, 215-216 (W.D.N.Y. 2020). Sufficient prejudice to infer waiver has been found when the party seeking to compel arbitration engaged in discovery that would be unavailable in arbitration; made motions regarding the merits of an adversary's claims; or delayed invocation of arbitration rights causing the adversary to incur unnecessary delay or expense. *Cotton v. Slone*, 4 F.3d 176, 179 (2d Cir. 1993). In the instant case, in contrast, CAC moved to compel arbitration within 6 weeks of the filing of the complaint and within a month of the complaint being mailed to it. Dkt. #78, p.4. Moreover, co-defendants have moved to dismiss and discovery has yet to commence. Dkt. #21, 49, 80, 82, 84 & 86. As a result, there is no basis to find waiver of arbitration by CAC.

Therefore, for the foregoing reasons, CAC's motion to compel arbitration (Dkt. #27), is granted and proceedings between plaintiff and CAC are stayed. *See Smith v. Spizzirri*, 601 U.S. 472, 478-479 (2024) ("When a district court finds that a lawsuit involves an arbitrable dispute, and a party requests a stay pending arbitration, § 3 of the FAA compels the court to stay the proceeding.").

**SO ORDERED.**

DATED:     Buffalo, New York
           December 18, 2025

     s/ H. Kenneth Schroeder, Jr.
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**