**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

_____

**DAVID DAVON ADAMS,**

                             **Plaintiff,**

**v.**

                                            **25-CV-00410-JLS-HKS**

**CREDIT ACCEPTANCE CORPORATION,**
**LVNV FUNDING LLC, TRANSUNION LLC,**
**EXPERIAN INFORMATION SOLUTIONS,**
**INC., EQUIFAX INFORMATION SERVICES**
**LLC, SELF FINANCIAL, INC., and REGIONAL**
**ACCEPTANCE CORPORATION,**

                             **Defendants.**

_____

## REPORT, RECOMMENDATION & ORDER

This case was referred to the undersigned by the Hon. John L. Sinatra, Jr., pursuant to 28 U.S.C. § 636(b), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #13.

Plaintiff commenced this action, _pro se_, alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 _et seq._, the Fair Debt Collection Practices Act (FDCPA"), 15 U.S.C. § 1692 _et seq._, and New York General Business Law ("GBL") § 349, as well as common law claims of negligence and defamation based upon defendants' alleged failure to resolve a disputed delinquency on an auto loan following a motor vehicle accident. Dkt. #7.

Currently before the Court are defendants' motions to dismiss, Dkt. ## 21, 80, 82, 84, 86, as well as a motion for joinder. Dkt. #49.

~ 1 ~

## **FACTUAL AND PROCEDURAL BACKGROUND**

On May 12, 2025, plaintiff filed a complaint in this matter against Credit Acceptance Corporation ("CAC"), LVNV Funding LLC ("LVNV"), TransUnion LLC ("TransUnion"), Experian Information Solutions, Inc. ("Experian"), Equifax Information Services, Inc. ("Equifax"), and Self Financial, Inc. ("Self"). Dkt. #1.[1] On June 3, 2025, plaintiff filed an amended complaint adding Regional Acceptance Corporation ("Regional") as a defendant, but he did not alter his allegations against the other defendants. Dkt. #7.

As this Court previously observed:

[D]ocumentation proffered by plaintiff suggests that Credit Acceptance Corporation accepted assignment of a retail installment contract for the purchase of a used 2008 Toyota Prius which was declared a total loss in 2019 and that Credit Acceptance Corporation reported and continued to report an outstanding balance on the loan despite plaintiff's assertion that the loan balance was paid by Guaranteed Asset Protection ("GAP") [ ] insurance coverage.

Dkt. #78, p. 2.

In his complaint, plaintiff alleges that between 2020 and 2025, he "submitted four documented rounds of certified disputes to the major credit reporting agencies and directly to furnishers, all of which were ignored or inadequately addressed." Dkt. #7, p. 4. He alleges that, as a result, he sustained damages to his creditworthiness, repeated denials of credit, and financial losses. *Id.*

---

[1] Plaintiff also filed three "evidence packets" in support of his complaint. Dkt. ##3, 4, 6.

Under "Factual Background," plaintiff alleges that he "submitted four rounds of certified mail disputes from 2020 through 2025: March 2020, November 2021, June 2023, and April 2025." Dkt. #7, p. 7. He also alleges that he "provided GAP insurance payout proof in 2020 but Credit Acceptance continued reporting a delinquency." *Id.* Plaintiff alleges that he filed complaints with the Consumer Financial Protection Bureau ("CFPB") in 2020 against LVNV and Experian and in 2023 and 2025 against Self. *Id.* He alleges that "no agency or furnisher corrected the disputed date or performed a reasonable investigation." *Id.*

Under "Claims for Relief," plaintiff alleges, as Count I, a violation of the FCRA, 15 U.S.C. § 1681e(b), against TransUnion, Experian, and Equifax. *Id.* He avers that these three defendants "failed to ensure accuracy of disputed tradelines[2] after certified disputes." *Id.*

Under Count II, plaintiff alleges that all defendants "failed to reinvestigate despite receiving proper documentation," in violation of the FCRA, 15 U.S.C. § 1681i. Dkt. #7, p. 8. For Count III, plaintiff alleges that CAC, LVNV, and Self "failed to validate or correct their reporting" in violation of the FCRA, 15 U.S.C. § 1681s-2(b). *Id.* Under Count IV, plaintiff alleges that LVNV and Self "misrepresented debts and failed to validate upon

---

[2] A "tradeline" is "a record of activity for any type of credit extended to a borrower and reported to a credit reporting agency." *Perez v. Experian*, 20-CV-9119 (PAE) (JLC), 2021 WL 4784280, at *10, n.11 (S.D.N.Y. Oct. 14, 2021) (citation omitted), *report and recommendation adopted*, 2021 WL 5088036 (Nov. 2, 2021).

dispute," in violation of the FDCPA. *Id.* Plaintiff also alleges that all violations of the FCRA and FDCPA were willful. Dkt. #7, p. 9.

Next, Count V alleges a violation of New York General Business Law § 349 against all defendants for engaging in "deceptive business practices" and "by continuing to report inaccurate credit data." Dkt. #7, p. 9. Finally, Count VI alleges claims for negligence against all defendants for failing to exercise reasonable care, and Count VII alleges defamation against all defendants for publishing false credit information. *Id.*

Plaintiff seeks statutory and punitive damages of $100,000,000 and permanent injunctive relief. Dkt. #7, p. 10.

On December 18, 2025, the Court granted a motion to compel arbitration and stay proceedings by defendant CAC. Dkt. #105. The pending motions to dismiss are brought by the remaining six defendants.

## DISCUSSION AND ANALYSIS

### Motion to Dismiss

On a motion pursuant to Federal Rule of Civil Procedure 12(b)(6), a "court's task is to assess the legal feasibility of the complaint." *U.S.A., ex rel. Pilat v. Amedisys, Inc.*, 17-CV-136 (JLS) (LGF), 2025 WL 436929, at *3 (W.D.N.Y. Feb. 7, 2025) (citation and internal quotation marks omitted). The court "must take the facts alleged in the complaint as true, drawing all reasonable inferences in [the plaintiff's] favor." *Id.* To survive

a Rule 12(b)(6) motion, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* Courts "are not bound to accept as true a legal conclusion couched as a factual allegation," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"It is established law in this Circuit that *pro se* filings like Plaintiff's pleadings are to be liberally construed." *Johnson v. Target Corp.*, CV 17-7535 (JS) (AKT), 2019 WL 1227784, at \*4 (E.D.N.Y. Feb. 12, 2019) (citations and internal quotation marks omitted), *report and recommendation adopted*, 2019 WL 1253467 (Mar. 13, 2019). The Court must therefore read plaintiff's pleadings liberally and construe them to raise the strongest arguments that they suggest. *Id.*

"*Pro se* status, however, does not exempt a party from compliance with relevant rules of procedural and substantive law." *Id.* at \*5 (citations and internal quotation marks omitted). *See also Perez*, 2021 WL 4784280, at \*5 (noting that the duty to liberally construe a *pro se* complaint is not "the equivalent of a duty to re-write it," and a court should "not hesitate to dismiss a *pro se* complaint if it fails altogether to satisfy the pleading standard") (citation and internal quotation marks omitted).

**The Fair Credit Reporting Act**[3]

The FCRA "regulates credit reporting procedures to ensure the confidentiality, accuracy, relevancy, and proper utilization of consumers' information." *Sprague v. Salisbury Bank and Trust Co.*, 969 F.3d 95, 98 (2d Cir. 2020) (citations and internal quotation marks omitted). "Accordingly, to ensure credit reports are accurate, the FCRA imposes certain duties" on credit reporting agencies ("CRAs"), users of consumer reports, and furnishers of information to CRAs. *Id.*

### *Section 1681e(b) (TransUnion, Experian, Equifax)*[4]

The three CRA defendants move to dismiss Count I, plaintiff's claim for violation of § 1681e(b) of the FCRA.

"Section 1681e(b) provides that '[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report

---

[3] Because the Court concludes that plaintiff's amended complaint fails to state claims for multiple substantive reasons, the Court need not address defendants' argument that the complaint should be dismissed as an impermissible "shotgun" pleading.

[4] TransUnion moves to join Equifax's motion to dismiss on the grounds that the two defendants are similarly situated, that plaintiff's allegations against them appear to be the same, and that their arguments for dismissal of plaintiff's claims are also the same. Dkt. #49. No party has objected to this motion, and the Court finds it well taken given the overlap in defendants' arguments. *See Hintermaier v. Equifax Info. Servs., LLC*, 1:24-cv-09697 (ALC) (RFT), 2026 WL 82479, at *3 (S.D.N.Y. Jan. 12, 2026) (granting TransUnion's motion to join Experian's motion to dismiss because defendants' arguments were substantially similar). TransUnion's motion for joinder will thus be granted. *See United States v. Hay*, 1:19-CR-00170-RJA-mjr, 2020 WL 7706602, at *2 (W.D.N.Y. Dec. 29, 2020) (treating parties' motions to join other parties' motions as non-dispositive).

relates.'" *Keane v. Early Warning Servs., LLC*, 24cv6108 (DLC), 25cv3411 (DLC), 2026 WL 685842, at *2 (S.D.N.Y. Mar. 11, 2026) (quoting 15 U.S.C. § 1681e(b)).

"To state a claim under § 1681e(b), a complaint must allege that: (1) the CRA was negligent in that it failed to follow reasonable procedures to assure the accuracy of its credit report; (2) the CRA reported inaccurate information about the plaintiff; (3) the plaintiff was injured; and (4) the CRA's negligence proximately caused the plaintiff's injury." *Id.* (citations omitted).

To state a claim under this section, a plaintiff must allege facts showing that the information that the CRA reported about him is inaccurate. *Hintermaier*, 2026 WL 82479, at *4 (citation omitted). "[I]naccuracy is a threshold question." *Id.* "A credit report is inaccurate either when it is patently incorrect or when it is misleading in such a way and to such an extent that it can be expected to have an adverse effect." *Id.*

The Court of Appeals has held that, to be cognizable, an alleged inaccuracy must be objectively verifiable. *Mader v. Experian Info. Sols., Inc.*, 56 F.4th 264, 269 (2d Cir. 2023).

Further, conclusory, formulaic, or threadbare recitals of the elements of a § 1681e(b) cause of action do not state a plausible claim for relief. *See Keane*, 2026 WL 685842, at *3; *Perez*, 2021 WL 4784280, at *10.

Here, Count I alleges only the following: "TransUnion, Experian, and Equifax failed to ensure accuracy of disputed tradelines after certified disputes." Dkt. #7, p. 7.

Defendants first argue that plaintiff has failed to identify the information that he contends was inaccurately reported in his credit file. However, construing plaintiff's filings liberally, it appears that plaintiff claims that the reports erroneously show that he still owes a balance on an auto loan, referenced above, held by CAC on a vehicle which was totaled in 2019.[5]

The Court will thus assume for purposes of defendants' motions that plaintiff has adequately pled an inaccuracy. Nonetheless, plaintiff's complaint fails to plead a viable § 1681e(b) cause of action.

It is well established that a plaintiff's failure to allege facts from which it may plausibly be inferred that the procedures a CRA used in preparing plaintiff's credit report were unreasonable will subject the claim to dismissal. *Keane*, 2026 WL 685842, at *3 ("When the claim asserts that a defendant failed to employ reasonable procedures, the complaint must contain sufficient facts to make that violation of law plausible."); *Rivera v. Experian*, No. 3:22-cv-01039-MPS, 2026 WL 622608, at *6 (D. Conn. Mar. 5, 2026) ("Rivera states no facts concerning the procedures Experian relied on in preparing his

---

[5] Where a plaintiff is proceeding *pro se*, the Court may consider materials outside the pleadings, including plaintiff's other submissions to the Court. *Weeden v. Liberty Mut. CCS Collections*, 24-CV-1258-LJV, 2026 WL 647900, *1 n.2 (W.D.N.Y. Feb. 27, 2026) (citations omitted).

consumer report. Nor has he identified any reasonable procedures that Experian failed to follow."); *Perez*, 2021 WL 4784280, at *10 ("Perez fails to set forth any allegations regarding deficiencies in the procedures followed by the CRAs."); *Johnson*, 2019 WL 1227784, at *10 (granting motion to dismiss § 1681e(b) claim; plaintiff "states nothing at all about First Advantage's procedures").

Plaintiff has alleged no facts in support of this element of his claim in any of his submissions to the Court, nor does he refute this authority in his response papers. While he states that a response from Equifax dated September 2, 2022 "confirms this misconduct," Dkt. #41, p. 2, this is incorrect. The document cited—Equifax's response to a dispute that plaintiff submitted—states that it was *the information that plaintiff disputed* that was "verified as accurate." Dkt. #3-10, p. 27.[6]

It will thus be recommended that Count I be dismissed.

### Section 1681i (TransUnion, Experian, Equifax)

Count II of plaintiff's first amended complaint purports to allege a claim against the CRA defendants under 15 U.S.C. § 1681i. Dkt. #7, p. 8.

"Section 1681i outlines reinvestigation procedures that must be followed when there is disputed information in a credit file." *Keane*, 2026 WL 685842, at *3. "It

---

[6] In another document submitted by plaintiff, dated April 30, 2020, TransUnion used similar language stating that information that plaintiff disputed regarding the CAC loan was "VERIFIED AS ACCURATE." Dkt. #3-10, p. 20.

provides that, 'if the completeness or accuracy of any item of information contained in a consumer's file . . . is disputed by the consumer . . . the agency shall . . . conduct a reasonable investigation to determine whether the disputed information is accurate." *Id.* (quoting 15 U.S.C. § 1681i(a)(1)(A)).

"To state a claim under § 1681i, a complaint must allege that: 1) the plaintiff's credit report contains inaccurate or incomplete information, 2) the plaintiff notified the CRA directly about the inaccurate or incomplete information, 3) the plaintiff's dispute is not frivolous or irrelevant, and 4) the CRA failed to respond to the dispute with a reasonable investigation." *Id.* (citation omitted).

Furthermore, "[t]o maintain a claim under § 1681i for the failure to reinvestigate the inaccurate reporting of his trade lines, [plaintiff] must allege the. . . defendants were willful or negligent in their noncompliance." *Perez*, 2021 WL 4784280, at *11. Courts have thus held that "in order to survive a motion to dismiss, the plaintiff's complaint must allege specific facts as to the defendant's mental state" when the defendants committed the violation of the FCRA." *Id.* (citation and internal quotation marks omitted).

"Merely stating that the violation was 'willful' or 'negligent' without more is insufficient." *Id.*

Under Count II of the amended complaint, plaintiff alleges: "Each CRA failed to reinvestigate despite receiving proper documentation." Dkt. #7, p. 8. Under Count VIII, plaintiff alleges that defendants "acted in willful disregard of their duties" under the FCRA. Dkt. #7, p. 9.

However, nowhere in plaintiff's complaint or other submissions does plaintiff point to any alleged facts that would support these conclusory allegations. To the contrary, plaintiff submitted a variety of documents reflecting that the CRAs received plaintiff's disputes, investigated them, and provided the statutorily required responses. *See* Dkt. ##, 3, 4, 6.

In short, plaintiff's "barebones recitation of statutory language is insufficient to plead a claim" under § 1681i. *Keane*, 2026 WL 685842, at *3.

It will thus be recommended that Count II be dismissed.

### Section 1681s-2(b) (LVNV, Self, Regional)

Count III of plaintiff's amended complaint alleges violations of 15 U.S.C. § 1681s-2(b) by LVNV, Self, and Regional who are "furnishers" of information under the FCRA. Dkt. #7, p. 8.

"Furnishers are individuals or companies which supply data to [credit reporting agencies] to generate a credit report." *Weeden v. Liberty Mut. CCS Collections*, 24-CV-1258-LJV, 2026 WL 547900, at *2 (W.D.N.Y. Feb. 27, 2026) (citations omitted).

"Section 1681s-2(b) outlines a furnisher's duties following a dispute regarding the completeness or accuracy of a consumer's credit report." *Sprague*, 969 F.3d at 99. Once a furnisher receives notice of a dispute, the furnisher must:

> (A) conduct an investigation with respect to the disputed information;
>
> (B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2);
>
> (C) report the results of the investigation to the consumer reporting agency;
>
> (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to whom the person furnished the information …; and
>
> (E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (l) …, (i) modify that item of information; (ii) delete that item of information; or (iii) permanently block the reporting of that item of information.

*Id.* (quoting 15 U.S.C. § 1681s-2(b)(1)).

However, "[t]he statute is clear that the notice triggering these duties must come from a CRA, not the consumer." *Id.* Thus, "Section 1681s-2(b) is not implicated simply because a consumer contacts a furnisher. . .regarding inaccuracies in her credit report." *Id. See also Whyte-Bey v. Santander Consumer USA, Inc.*, 2:24-cv-7104 (NJC) (SIL), 2026

~ 12 ~

WL 674345, at *5 (E.D.N.Y. Mar. 10, 2026) (same); *Weeden*, 2026 WL 547900, at *3 (noting that the duty upon a furnisher under § 1681s-2(b) to investigate a credit dispute "is triggered only upon notice of the dispute from a consumer reporting agency") (citation and internal quotation marks omitted); *Perez*, 2021 WL 4784280, at *7 (same); *Abdool*, 2021 WL 4147191, at *5 (same); *Comunale v. Home Depot, U.S.A., Inc.*, 328 F. Supp.3d 70, 78 (W.D.N.Y. 2018) ("Notice from an individual consumer, in the absence of notice from a credit reporting agency, is insufficient to trigger the duties contained in Subsection (b).") (citation and internal quotation marks omitted).

Here, plaintiff does not allege that a CRA notified LVNV, Self, or Regional of plaintiff's dispute regarding the information in his credit reports. Dkt. #7. Instead, he alleges that he submitted disputes "directly to furnishers." Dkt. #7, p. 4. "This alone is insufficient to state a claim under Section 1681s-2(b)." *Sprague*, 969 F.3d at 99 (citations omitted).[7]

It will thus be recommended that Count III be dismissed.[8]

---

[7] Furthermore, the Court notes that plaintiff's argument that Self violated the FCRA by continuing to report the overdue balances on accounts that it had charged off, Dkt. #91, p. 9, is incorrect as a matter of law. *See Butnick v. Experian Info. Sols., Inc.*, 20-CV-1631 (PKC) (RLM), 2021 WL 395808, at *4 (E.D.N.Y. Feb. 4, 2021) (explaining that charging off a debt overdue for more than 180 days is an internal accounting matter required under federal regulations and does not diminish the right of the original creditor to collect the debt; plaintiff's "contention that it was per se inaccurate for Defendant BANA to report that he still owed a balance on an account that the bank had charged off therefore conflates two unrelated concepts: namely, Plaintiff's legal responsibility to pay his debt to Defendant BANA and BANA's internal estimate of his likelihood to do so."); *Artemov v. TransUnion, LLC*, 20-cv-1892, 2020 WL 5211068, at *4 (E.D.N.Y. Sept. 1, 2020) (stating that "it should be obvious that, even though the banks labeled plaintiff's accounts as charged off, they had no obligation to zero out the overall or past due balance").

[8] The Court also notes that the statute of limitations for plaintiff's FCRA claims, applicable here, is two years. 15 U.S.C. § 1681p(1). Thus, any alleged claims that accrued more than two years before this action was filed on May 12, 2025 are time-barred.

**<u>Fair Debt Collection Practices Act (LVNV and Self)</u>**

In Count IV of his amended complaint, plaintiff, citing 15 U.S.C. §§ 1692e and 1692g, alleges violations of the FDCPA: "LVNV and Self Financial misrepresented debts and failed to validate upon dispute." Dkt. #7, p. 8.

"The Fair Debt Collection Practices Act was enacted to eliminate abusive debt collection practices by debt collectors[.]" *Whyte-Bey*, 2026 WL 674345, at *7 (citation and internal quotation marks omitted). "To establish a violation under the FDCPA, (1) the plaintiff must be a 'consumer' who allegedly owes the debt or a person who has been the object of efforts to collect a consumer debt, and (2) the defendant collecting the debt is considered a 'debt collector,' and (3) the defendant has engaged in any act or omission in violation of FDCPA requirements." *Id.* (citations and internal quotation marks omitted).

Self argues, as a threshold matter, that plaintiff does not allege that Self is a "debt collector." Dkt. #80-1, p. 12.

"The FDCPA distinguishes between debt collectors and creditors." *Whyte-Bey*, 2026 WL 674345, at *7. "Specifically, the FDCPA only prohibits deceptive and misleading practices by debt collectors." *Id.* (citation and internal quotation marks omitted).

"A debt collector is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of

debts, or who regularly collects or attempts to collect, directly or indirectly, *debts owed or due or asserted to be owed or due another.*" *Whyte-Bey*, 2026 WL 674345, at \*7 (citation and internal quotation marks omitted).

In contrast, "a creditor is defined under the FDCPA as 'any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another.'" *Id.* (quoting 15 U.S.C. § 1692a(4)).

Thus, "[t]he Second Circuit has held that creditors seeking to collect their own debts are not 'debt collectors' under the Act." *Id.* (citations omitted).

Plaintiff does not allege that Self is a debt collector but rather that it is a "credit builder," Dkt. #7, p. 6, and his submissions demonstrate that Self sought to collect amounts that plaintiff owed on a Self Visa credit card. Dkt. #3-8, pp. 2, 6-7; Dkt. #91, p. 13. Self is thus a creditor, not a "debt collector," and plaintiff therefore cannot state a FDCPA claim against it. *Whyte-Bey*, 2026 WL 674345, at \*8; *Abdool*, 2021 WL 4147191, at \*3.

For its part, LVNV does not contest that it is a "debt collector," but it argues that plaintiff has failed to plead a viable FDCPA claim against it and that any such claims are time-barred. Dkt. #84-1.

~ 15 ~

The FDCPA's debt validation provision is set forth in 15 U.S.C. § 1692g. That statute contains several important time periods during which both the debt collector and consumer must take certain actions. This includes notice by the consumer to the debt collector, within the thirty-day period after the consumer receives the initial communication from the debt collector, that the consumer disputes the debt and seeks validation thereof. 15 U.S.C. § 1692g(b).

That same provision provides that, upon such notice, the debt collector must cease collection of the debt until certain validating information is provided to the consumer. *Id.*

Plaintiff's complaint and other submissions do not allege these important dates. Plaintiff does not allege when LVNV first communicated with him about the debt in question or whether plaintiff's requests for verification were timely. Nor does plaintiff allege that, notwithstanding his requests, LVNV continued prohibited collection efforts. Absent such allegations, plaintiff fails to plead a viable claim under this section of the FDCPA.

Plaintiff also cites 15 U.S.C. § 1692e, which prohibits "false, deceptive, or misleading" collection practices. However, as noted above, plaintiff's amended complaint is entirely conclusory. Dkt. #7, p. 8. Plaintiff does not identify the communications alleged to run afoul of this statute, and the amended complaint thus does not satisfy the plausibility standard.

~ 16 ~

Next, "[c]laims under the FDCPA are subject to a one-year statute of limitations from the date a violation occurs." *Costello v. Wells Fargo Bank, NA*, 22-1528-cv, 2023 WL 6380061, at *2 (2d Cir. Oct. 2, 2023) (citing 15 U.S.C. § 1692k(d)). Plaintiff's complaint simply lacks the specificity for the Court to determine when his FDCPA claims accrued. However, the Court notes that, because plaintiff filed this action on May 12, 2025, any claim that accrued more than one year prior to that date would be untimely.

Finally, plaintiff's reliance on an alleged settlement offer by LVNV to bolster the viability of his claims is improper, Dkt. #89, p. 4, because Rule 408 of the Federal Rules of Evidence generally prohibits the proffer of evidence of compromise offers or negotiations for such a purpose.

It will therefore be recommended that plaintiff's FDCPA claims be dismissed.

**State Law Claims**[9]

Plaintiff also alleges three claims under New York law: (1) violation of GBL § 349; (2) negligence; and (3) defamation. Dkt. #7, p. 9. Each of these claims is based on defendants' reporting of plaintiff's allegedly inaccurate credit data. *Id.*

---

[9] "[C]ourts, in their discretion, have chosen to exercise supplemental jurisdiction to analyze whether the FCRA preempts state law claims even after they have dismissed the FCRA claims under 12(b)(6). *Sprague v. Salisbury Bank and Trust Co.*, No. 3:18-CV-001487 (VLB), 2019 WL 4246601, at *7 (D. Conn. Sept. 5, 2019) (citations omitted) (collecting cases), *aff'd on other grounds*, 969 F.3d 95 (2d Cir. 2020).

The Court concludes that, with the exception of the GBL claim against Experian, Equifax, and Transunion, these claims are preempted by the FCRA. However, the Court also concludes that plaintiff has not pled a plausible claim against the CRAs under GBL § 349.

"The FCRA contains two preemption clauses that are relevant to this action." *Comunale v. Home Depot, U.S.A., Inc.*, 328 F. Supp.3d 70, 76 (W.D.N.Y. 2018) (citing 15 U.S.C. §§ 1681h(e), 1681t(b)).

Section 1681h(e) states:

[N]o consumer may bring any action or proceeding *in the nature of defamation, invasion of privacy, or negligence* with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to section 1681g, or 1681m of this title.

15 U.S.C. § 1681h(e) (emphasis added).

In turn, section 1681t(b) provides that "[n]o requirement or prohibition may be imposed under the laws of any State. . .with respect to any subject matter regulated under. . .section 1681s-2 of this title*, relating to the responsibilities of persons who furnish information to consumer reporting agencies*." 15 U.S.C. § 1681t(b)(1)(F) (emphasis added).

~ 18 ~

"The Second Circuit has held that § 1681t(b)'s preemptory language is broad, and that it encompasses both state statutory and common law causes of action." *Comunale*, 328 F. Supp.3d at 76 (citing *Premium Mortg. Corp. v. Equifax, Inc.*, 583 F.3d 103, 106 (2d Cir. 2009) (per curiam)).

"The Second Circuit has also determined that the preemptory clauses set forth in § 1681h(e) and § 1681t(b)(1)(F) do not conflict." *Id.* at 77 (citing *Macpherson v. JP Morgan Chase Bank N.A.*, 665 F.3d 45, 47 (2d Cir. 2011)).

Thus, "[a]fter *Macpherson*, section 1681t(b)(1)(F) 'preempts any recovery for damages based on allegations of erroneous or otherwise improper furnishing— regardless of the particular statute or common law theory that plaintiff utilizes to advance her claim.'" *Brooks v. Higher Educ. Loan Auth. of the State of Missouri*, 1:25-cv-00844 (BKS/PJE), 2026 WL 161196, at *5 (N.D.N.Y. Jan. 21, 2026) (quoting *Galper v. JP Morgan Chase Bank, N.A.*, 802 F.3d 437, 449 (2d Cir. 2015)).

Under this authority, plaintiff's claims against all defendants for negligence and defamation are preempted under § 1681h(e). However, the preemption provision of § 1681t(b)(1)(F) applies only to *the responsibilities of persons who furnish information to consumer reporting agencies*." *Id.* This encompasses the GBL claims against LVNV, Self, and Regional Acceptance as "furnishers," *see Lewis v. Experian Info. Sols.*, 23-CV-857 (AMD) (RML), 2024 WL 1308705, at *10 n. 16 (E.D.N.Y. Mar. 27, 2024), but it does not preempt those claims against Experian, Equifax, and TransUnion.

Nonetheless, the Court concludes that plaintiff's single, conclusory allegation that defendants "engaged in deceptive business practices by continuing to report inaccurate credit data" is insufficient to state a plausible cause of action under GBL § 349.

"To state a GBL § 349 claim, a plaintiff must plead (1) that the defendant's conduct is 'consumer-oriented;' (2) that the defendant is engaged in a 'deceptive act or practice;' and (3) that the plaintiff was injured by this practice," *Id.* at *10 (citations and internal quotation marks omitted).

"Under this provision, the gravamen of the complaint must be consumer injury or harm to the public interest." *Kilgore v. Ocwen Loan Servicing, LLC*, 89 F. Supp.3d 526, 535 (E.D.N.Y. 2015) (citation and internal quotation marks omitted). "The critical question is whether the acts or practices have a broad [ ] impact on consumers at large." *Id.* Conclusory allegations about misrepresentations affecting consumers generally do not suffice, *id.*, nor do allegations regarding isolated events between private parties. *Lewis*, 2024 WL 1308705, at *10 (citations omitted).

The Court thus concludes that plaintiff has failed to plead a plausible GBL § 349 claim against the CRAs.

It will thus be recommended that plaintiff's GBL claims be dismissed.

~ 20 ~

**<u>Leave to Amend</u>**

In his memoranda, plaintiff requests leave to amend his complaint.

"Under Federal Rule of Civil Procedure 15(a)(2) a court should freely give leave to amend when justice so requires." *Brooks*, 2026 WL 161196, at *5 (citation and internal quotation marks omitted). "[A] pro se litigant in particular should be afforded every reasonable opportunity to demonstrate that he has a valid claim." *Id.*

Here, although plaintiff amended his complaint once to add a new defendant, he has not amended the complaint since defendants filed their motions to dismiss and, consequently, he has not had an opportunity to amend the pleading to address the deficiencies raised in those motions. *Cf. Whyte-Bey*, 2026 WL 674345, at *13 (denying further leave to amend complaint where plaintiff had amended after an opportunity to review defendant's motion to dismiss).

It will thus be recommended that defendants' motions to dismiss be granted, but that plaintiff be permitted to amend his complaint as to: (1) Counts I-III; (2) Count IV as to LVNV only; and (3) the GBL § 349 claims against Experian, Equifax, and Transunion.[10]

---

[10] Amendment of the state law claims that are preempted by the FCRA would be futile and should thus not be permitted. *Brooks*, 2026 WL 161196, at *6.

~ 21 ~

Plaintiff "is advised that an amended complaint is intended to **completely replace** the prior complaint in the action and thus renders [any prior complaint] of no legal effect." *Weeden*, 2026 WL 547900, at *5 (citations and internal quotations omitted). Thus, plaintiff's amended complaint "will replace the existing Complaint, and must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the Court." *Brooks*, 2026 WL 161196, at *6 (citation omitted). This means that any exhibits that plaintiff wishes the Court to consider going forward must be attached to the newly amended complaint. *Id.*

## CONCLUSION

For the foregoing reasons, it is recommended that defendants' motions to dismiss (Dkt. ##21, 55, 80, 82, 84, 86) be granted. It is further recommended that plaintiff be permitted to file an amended complaint, within the above-recommended parameters, within thirty (30) days of the Court's ruling on this Report, Recommendation, and Order.

Therefore, it is hereby ORDERED pursuant to 28 U.S.C. § 636(b)(1) that TransUnion's motion for joinder in Equifax's motion to dismiss (Dkt. #49) is granted.

Further, this Report, Recommendation and Order shall be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this

~ 22 ~

Report, Recommendation and Order in accordance with the above statute, Fed. R. Civ. P. 72(b) and Local Rule 72(b).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).

Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." Failure to comply with the provisions of Rule 72(b) may result in the District Judge's refusal to consider the objection.

The Clerk is hereby directed to send a copy of this Report, Recommendation and Order to the attorneys for the parties.

~ 23 ~

**SO ORDERED.**

DATED:      Buffalo, New York

March 30, 2026

<u>s/ H. Kenneth Schroeder, Jr.</u>

**H. KENNETH SCHROEDER, JR.**

**United States Magistrate Judge**