UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

– – – – – – – – – – – – – – – – – – – – – – – – – – – – X

DAVID D. ADAMS, *pro se*,                                           :
                                                                                        :
          Plaintiff,                                      :        Case No. 1:25-cv-00410-JLS-HKS
                                                                                        :
     - against -                                               :
                                                                                        :
CREDIT ACCEPTANCE CORPORATION,       :
LVNV FUNDING LLC, TRANSUNION              :
LLC, EXPERIAN INFORMATION                    :
SOLUTIONS, INC., EQUIFAX                           :
INFORMATION SERVICES LLC, SELF            :
FINANCIAL, INC. and REGIONAL                   :
ACCEPTANCE CORPORATION,                        :
                                                                                        :
          Defendants.                                  :

– – – – – – – – – – – – – – – – – – – – – – – – – – – – X

**DEFENDANT REGIONAL ACCEPTANCE CORPORATION'S
RESPONSE TO PLAINTIFF'S OBJECTIONS TO
REPORT, RECOMMENDATION AND ORDER**

**WOMBLE BOND DICKINSON (US) LLP**

Joseph A. Patella
950 Third Avenue, Suite 2400
New York, New York 10022
Telephone: (332) 258-8483
Facsimile: (332) 258-8949
Email: Joseph.Patella@wbd-us.com
*Attorneys for Defendant*
*Regional Acceptance Corporation*

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ........................................................................................... 1

ARGUMENT ..................................................................................................................... 1

      1.     Plaintiff Should Be Denied Leave to File a Third Complaint ................................ 1

      2.     Plaintiff's Objection Five (Notice by CRA to Furnisher) Is Without Merit. .......... 2

      3.     Plaintiff's Objection One (Verifiable Inaccuracies) Is Without Merit. ................. 3

      4.     Plaintiff's Objection Seven (Systemic Pattern) Is Without Merit. ........................ 4

CONCLUSION ................................................................................................................... 5

# TABLE OF AUTHORITIES

## CASES

*Ferring B.V. v. Allergan, Inc.*,
    4 F.Supp.3d 612 (S.D.N.Y. 2014) ................................................................................. 2

*Foy v. New York State Unified Court System*,
    740 F.Supp.3d 136 (E.D.N.Y. 2024) ............................................................................ 2

*McCarthy v. Dun & Bradstreet Corp.*,
    482 F.3d 184 (2d Cir. 2007)........................................................................................... 1

*Perez v. Experian*,
    No. 20-cv-9119, 2021 WL 4784280 (S.D.N.Y. Oct. 14, 2021).......................................... 3

*Ruotolo v. City of N.Y.*,
    514 F.3d 184 (2d Cir. 2008)............................................................................................. 2

*Sprague v. Salisbury Bank & Trust Co.*,
    969 F.3d 95 (2d Cir. 2020)............................................................................................... 2

## STATUTES

15 U.S.C. § 1681i(a)(2)(A) ........................................................................................................ 3

15 U.S.C. § 1681s–2(b)(1)......................................................................................................... 2

15 U.S.C. § 1681t(b)(1)(F) ....................................................................................................... 4

N.Y. Gen. Bus. Law § 349........................................................................................................ 4

Defendant Regional Acceptance Corporation ("RAC"), by its attorneys Womble Bond Dickinson (US) LLP, respectfully submits this Response to the Objection filed by *pro se* Plaintiff David D. Adams ("Plaintiff") to the Report, Recommendation and Order (the "Recommendation") entered by the Honorable H. Kenneth Schroeder Jr., United States Magistrate Judge (the "Magistrate"), on March 30, 2026 [Dkt. No. 107].

## PRELIMINARY STATEMENT

RAC supports the Magistrate's Recommendation granting RAC's motion to dismiss Plaintiff's Amended Complaint in its entirety.  However, RAC does not support the Magistrate's Recommendation that Plaintiff be permitted, yet again, to file an amended pleading with respect to alleged violations of the Fair Credit Reporting Act ("FCRA").  Indeed, Plaintiff puts the proverbial cart before the horse by filing his third pleading, a purported Second Amended Complaint ("SAC"), *before* this Court even ruled on the Magistrate's Recommendation [Dkt. No. 108].  Furthermore, Plaintiff's entire Objection to the Recommendation is premised on the assumption that he will be permitted to unnecessarily continue this case with the claims alleged in the SAC.  Plaintiff has had enough chances, and no further amendments should be permitted.  As demonstrated by the arguments Plaintiff raises in his Objection, it would be futile to permit Plaintiff to file the SAC because it does nothing to rectify the deficiencies in his Amended Complaint against RAC, which the Magistrate properly recommended for dismissal.

## ARGUMENT

### 1.    Plaintiff Should Be Denied Leave to File a Third Complaint

Although Federal Rule 15(a) provides that leave to amend "shall be freely given when justice so requires," it is within the sound discretion of the District Court to grant or deny leave to amend.  *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007).  Leave to amend

may properly be denied for: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment." *Ruotolo v. City of N.Y.*, 514 F.3d 184, 191 (2d Cir. 2008) (*quoting Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)). A proposed amendment is determined to be futile if it could not withstand a motion to dismiss pursuant to Rule 12(b)(6). *See Ferring B.V. v. Allergan, Inc.*, 4 F.Supp.3d 612, 618 (S.D.N.Y. 2014). The same futility standard applies to *pro se* litigants. *See Foy v. New York State Unified Court System*, 740 F.Supp.3d 136, 155 (E.D.N.Y. 2024) ("The Second Circuit generally disfavors the dismissal of pro se complaints without leave to replead. Still, even pro se litigants may be denied leave to amend when an amendment would be futile. An amendment is futile if the plaintiff's claim fails as a matter of law in a way that could not be cured through an amendment.") (internal citations and quotations omitted).

Though Plaintiff acted prematurely by filing his SAC before obtaining leave of Court, he essentially did the Court a favor by demonstrating that his new claims fail to cure the deficiencies in his present pleading. This includes Plaintiff's FCRA claim, which the Magistrate recommended for leave to replead. Plaintiff's individual objections to the Magistrate's Recommendation, as they pertain to RAC, are premised on the claims alleged in the SAC, and, as discussed below, cannot save his case against RAC, which should be dismissed with prejudice.

### 2. Plaintiff's Objection Five (Notice by CRA to Furnisher) Is Without Merit.

Pursuant to 15 U.S.C. § 1681s–2(b)(1), RAC's duties to Plaintiff, as furnisher of Plaintiff's financial information to a credit reporting agency ("CRA") are only triggered upon receiving notice from a CRA of a dispute by Plaintiff. Upon receiving such notice, a furnisher must conduct an investigation, review all relevant information provided by the CRA, and report the results to the CRA. *See Sprague v. Salisbury Bank & Trust Co.*, 969 F.3d 95, 99 (2d Cir. 2020). However,

"[t]he statute is clear that the notice triggering these duties *must come from a CRA, not the consumer. Id.* at 99 (emphasis added); 15 U.S.C. § 1681i(a)(2)(A) (providing that once a "consumer reporting agency receives notice of a dispute from any consumer ... the agency shall provide notification of the dispute to any person who provided any item of information in dispute").

The Magistrate correctly recommends that Plaintiff's FCRA claim against RAC be dismissed because Plaintiff's Amended Complaint "does not allege that a CRA notified . . . Regional of plaintiff's dispute regarding the information in his credit reports." Recommendation at 13. Plaintiff's proposed SAC cannot revive this claim, as it contains nothing more than conclusory allegations. Plaintiff alleges only that the CRA's forwarded Plaintiff's disputes to RAC via the automated dispute system and that RAC verified the tradeline as accurate. SAC at ¶¶ 98-99. Plaintiff provides no indication as to when such notice was provided to RAC, the manner in which the notice was provided (other than to state plainly that it was through the automated dispute system), and how RAC supposedly verified the accuracy of the tradeline. Such conclusory allegations have been found insufficient to sustain a claim under the FCRA. *See, e.g., Perez v. Experian*, No. 20-cv-9119, 2021 WL 4784280, at *12 (S.D.N.Y. Oct. 14, 2021).

Based on the absence of notice alone, Plaintiff cannot sustain an FCRA claim against RAC. However, for the sake of completeness, RAC will address the two other objections asserted by Plaintiff that are relevant to RAC.

### 3. Plaintiff's Objection One (Verifiable Inaccuracies) Is Without Merit.

Plaintiff's contention of "contradictory reporting" by RAC is belied by the very report upon which he relies. Though Plaintiff does not identify his source in the SAC, Plaintiff repeats the same arguments he made in opposition to RAC's motion to dismiss relying upon a report from Experian Information Solutions, Inc. ("Experian"), dated August 26, 2025, titled "Your credit

report and dispute results" (the "Experian Report") [Dkt. No. 97]. *See* SAC at ¶¶ 91-96. In the entire twenty-page report, there is one reference to Plaintiff's account with RAC. *See* Experian Report at 6-7. The first three pages of the report cover different accounts under the heading "Credit Items and Public Records" and report on the status of those accounts both "Before Dispute" and "After Dispute." *Id.* at 1-3. The RAC account is listed under the heading "Potentially negative items," and does <u>not</u> contain Before/After Dispute sections. *Id.* at 6-7. Furthermore, Plaintiff attempts to establish an inconsistency between the charge-off amount and the past due balance where one does not exist. As plainly stated, the total amount due is $21,114, of which $17,889 has been written off (i.e., deemed uncollectible). *Id.* At all times since repossession and liquidation of the subject collateral at the end of 2024, the Experian Report shows that the balance has remained $21,114 through the present. *Id.* Accordingly, Plaintiff's own submission contradicts his claims that the RAC account is in dispute and contains inconsistent reporting.

**4.      Plaintiff's Objection Seven (Systemic Pattern) Is Without Merit.**

Plaintiff claims that "multiple obvious errors across four different furnishers . . . reflects systemic dispute-handling and verification errors … [which] strengthens Plaintiff's FCRA procedural claims and also supports the consumer-oriented and deceptive-practices aspects of Plaintiff's New York General Business Law ("GBL") § 349 theory." Objection at 5. As discussed above, Plaintiff's FCRA claim against RAC fails to allege proper notice and the existence of reporting inaccuracies and should therefore be dismissed. Furthermore, as the Magistrate determined in his Recommendation, Plaintiff's GBL claim against RAC is preempted by the FCRA. *See* Recommendation at 19 ("[T]he preemption provision of § 1681t(b)(1)(F) applies only to *the responsibilities of persons who furnish information to consumer reporting agencies*. This encompasses the GBL claims against LVNV, Self, and Regional Acceptance as 'furnishers.'") (emphasis in original, internal quotation and citation omitted). Accordingly, Plaintiff's GBL claim

4

against RAC cannot stand under either Plaintiff's current pleading (i.e., the Amended Complaint) or his proposed amended pleading (i.e., the SAC).

## **CONCLUSION**

For the foregoing reasons, RAC respectfully requests that this Court: (i) adopt the Magistrate's Recommendation granting RAC's motion to dismiss Plaintiff's Amended Complaint in its entirety; (ii) reject the Magistrate's Recommendation granting Plaintiff leave to amend his FCRA claim against RAC; and (iii) grant such other and further relief as this Court deems just and proper.

Dated: New York, New York
       April 16, 2026

**WOMBLE BOND DICKINSON (US) LLP**

*/s/ Joseph A. Patella*
Joseph A. Patella
888 Seventh Avenue, 38th Floor
New York, NY 10106
Telephone: (332) 258-8400
Email: joseph.patella@wbd-us.com
*Attorneys for Defendant Regional Acceptance Corporation*

## CERTIFICATE OF SERVICE

Joseph A. Patella, an attorney duly admitted to practice before this Court, certifies that on April 16, 2026, he caused Defendant Regional Acceptance Corporation's Response to Plaintiff's Objections to Report, Recommendation and Order to be filed and served on all parties and counsel of record via ECF.

*/s/ Joseph A. Patella*
Joseph A. Patella

WBD (US) v