**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

DAVID DAVON ADAMS,
     Plaintiff,

     vs.

CREDIT ACCEPTANCE CORPORATION;
LVNV FUNDING LLC; TRANS UNION LLC;
EXPERIAN INFORMATION SOLUTIONS
INC.; EQUIFAX INFORMATION SERVICES
LLC; SELF FINANCIAL, INC.; and
REGIONAL ACCEPTANCE CORPORATION;
     Defendants.

CASE NO. 1:25-cv-00410-JLS-HKS

**TRANS UNION, EXPERIAN, AND EQUIFAX'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO REPORT, RECOMMENDATION AND ORDER**

---

Defendant Trans Union LLC ("Trans Union"), Experian Information Solutions, Inc. ("Experian") and Equifax Information Services LLC's ("Equifax") by and through the undersigned counsel, hereby respectfully submit this Response to Plaintiff's Objection ("Objection" (Dkt. No. 109)) filed by *pro se* Plaintiff David D. Adams ("Plaintiff") to the Report, Recommendation and Order (the "Recommendation") entered by the Honorable H. Kenneth Schroeder Jr., United States Magistrate Judge (the "Magistrate"), on March 30, 2026. Dkt. No. 107.

**<u>LEGAL STANDARD</u>**

After a magistrate judge has issued a report and recommendation, a district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *Chunlin Zhang v. Michael Tong*, No. 17-CV-840 (VSB) (VF), 2025 U.S. Dist. LEXIS 61724, at *2 (S.D.N.Y. Apr. 1, 2025). Where specific objections are made, the court is obligated to review the contested issues de novo. *See* Fed. R. Civ. P. 72(b)(3). However, when "the objecting party makes only conclusory or general objections, or simply reiterates the original arguments," the court will review the report only for clear error. *See Jones*

*v. Smith*, No. 09-CV-6497, 2012 U.S. Dist. LEXIS 64032, 2012 WL 1592190, at *1 (S.D.N.Y. May 7, 2012) (collecting cases).

**ARGUMENT**

### 1.    LEAVE TO AMEND SHOULD BE DENIED.

It is axiomatic that leave to amend shall be freely given where justice so requires. Fed. R. Civ. P. 15. However, "leave to amend pleadings may be denied where amendment would be futile." *Caggiano v. Rees*, No. 20-CV-6475-CJS, 2021 U.S. Dist. LEXIS 32678, at *8 (W.D.N.Y. Feb. 22, 2021) (citing *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) (per curiam) ("Where it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend.")). Further, leave may properly be denied for: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment." *Ruotolo v. City of N.Y.*, 514 F.3d 184, 191 (2d Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)).

In the Recommendation, the Magistrate recommended Plaintiff be granted leave to amend solely due to the fact that he did not have the opportunity to amend his pleading following the motions to dismiss filed by all parties, because he had already used his amendment as of right. Dkt. No. 107, at 21. However, the initial motion to dismiss was filed on June 23, 2025 by Equifax. Dkt. No 21. Plaintiff could have moved at any time in the past 10 months for leave to amend in response to Equifax's (or the other subsequent) motion to dismiss. Plaintiff certainly had no aversion to filing motions in this case. *See, e.g.,* Dkt. Nos. 23, 34-43, 45-46, 50-53. 55-60, 65-74 (all filed within one month of Equifax's motion to dismiss). Plaintiff did not include a request for leave to amend in any of the dozens of motions (all of which were denied, *e.g.*, Dkt. No. 78) that he filed

after knowledge of the motions to dismiss. Allowing Plaintiff to now file an amended complaint would allow undue delay and prejudice Defendants. In cases of delay, the "burden is on the party who wishes to amend to provide a satisfactory explanation for the delay." *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 72 (2d Cir. 1990). Plaintiff has offered no reason for waiting almost a year after his first notice of the pleading's deficiencies by Rule 12 motion, until after the Magistrate's Recommendation, to seek leave to amend. *See generally,* Dkt. No. 109, at 6.

Regardless of the delay, Plaintiff already filed a proposed second amended complaint ("PSAC"), after the Magistrate's Recommendation. Dkt. No. 108. Plaintiff's PSAC does not cure the deficiencies laid out by the Magistrate, and allowing amendment would be futile for the reasons explained below.

**2.    PLAINTIFF    STILL    FAILS    TO    ADEQUATELY    PLEAD    AN UNREASONABLE PROCEDURES CLAIM UNDER 1681E(B)**

In the Recommendation, after reviewing Plaintiff's many submissions, the Magistrate found that Plaintiff had not alleged facts in support of his 1681e(b) claim against the consumer reporting agencies ("CRAs"). Dkt. No. 107, at 8-9. To do so, Plaintiff must allege that the CRA reported inaccurate information about the Plaintiff, that it caused Plaintiff harm, and that it was due to a failure to follow reasonable procedures to assure the accuracy of the report. *Id.*, at 7.

In his Objection, Plaintiff argues that the PSAC cures this issue because it "alleges that [the CRAs] relied predominantly on ACDV/e-OSCAR dispute response…" Dkt. No. 109, at 3; *see* Dkt. No. 108, at 7-8. Plaintiff appears to admit that reinvestigations were carried out by the CRAs, as found by the Magistrate when examining Plaintiff's materials. *See* Dkt. No. 107, at 9; *see also id.*, at n.6.

In conducting a reinvestigation, ACDV forms and e-OSCAR communications are standard in the credit reporting industry and are objectively reasonable. *See e.g. Garrett v. Experian Info. Solutions, Inc.*, No. 11-12523, 2012 U.S. Dist. LEXIS 73801, 2012 WL 1931324, \*6 (E.D. Mich. May 29, 2012) (collecting cases) (stating that "many courts have held[] the practice of using ACDVs in the reinvestigation process is reasonable as a matter in law"); *Birmingham v. Experian Info. Solutions, Inc.*, 633 F.3d 1006, 1012 (10th Cir. 2011) (finding that credit reporting agency's "standard procedures appear reasonable" where it contacts the source of disputed information and either "leaves the item as is, deletes it, or changes it in a manner specified by the source" after receiving a response); *Morris v. Trans Union LLC*, 420 F. Supp. 2d 733, 754-56 (S.D. Tex. 2006), aff'd, 224 F. App'x 415 (5th Cir. 2007) (finding that "[t]he use of an ACDV form is an accepted method of communicating the detail of a consumer dispute"); *Benson v. Trans Union, LLC*, 387 F. Supp. 2d 834, 843 (N.D. Ill. 2005) (finding that transmitting an ACDV form to the reporting creditor to verify that the reported information was accurate is an adequate means of investigating a dispute); *Perry v. Experian Info. Sols., Inc.*, Civil Action No. 05 C 1578, 2005 U.S. Dist. LEXIS 26040, at \*14 (N.D. Ill. Oct. 28, 2005); *see Lee v. Experian Info. Solutions*, 2003 U.S. Dist. LEXIS 17420, 02C8424, 2003 WL 22287351, at \*6 (N.D. Ill. Oct. 2, 2003) (*citing Dickens v. Trans Union Corp.*, 18 F. App'x 315, 318 (6th Cir. 2001); *Serfess v. Equifax Credit Info. Servs.*, No. 13-406, 2014 U.S. Dist. LEXIS 120138, 2014 WL 4272032, at \*8 (D.N.J. Aug. 28, 2014). "[A] CRA conducts a reasonable reinvestigation by 'notify[ing] the furnisher of the disputed information of the substance of the dispute and provid[ing] it with all relevant information received from the consumer.'" *Edeh v. Equifax Info. Servs., LLC*, 974 F. Supp. 2d 1220, 1235 (D. Minn. 2013), aff'd, 564 F. App'x 878 (8th Cir. 2014) (quoting *Paul v. Experian Info. Sols., Inc.*, 793 F. Supp. 2d 1098,

1102 (D. Minn. 2011)). As such, this is not enough to state a claim for 1681e(b) or overcome the Magistrate's Recommendation.

Plaintiff also appears to argue that because the CRAs treated the reporting or reinvestigations differently, it must be a failure of reasonable procedures. *See* Dkt. No. 109, at 4; Dkt. No. 108, at ¶¶ 32-37.  However, differences between the reporting of the three national credit agencies do not evidence an inaccuracy in reporting or unreasonable procedures on any account. *See e.g., Allen v. Experian Info. Sols., Inc*., No. 2:25-cv-00404-BLW, 2025 WL 3485873, 2025 U.S. Dist. LEXIS 251718, at *7 (D. Idaho Dec. 4, 2025) ("Allegations of inconsistencies or discrepancies among credit reports, standing alone, do not permit an inference that any of the reports contains 'false or materially misleading' information…") (citations omitted); *Verlus v. Experian Info. Sols., Inc*., Civil Action No. 23-cv-11426-DJC, 2025 U.S. Dist. LEXIS 47890, at *9 (D. Mass. Mar. 17, 2025); *see Cruel v. Experian*, No. 22-cv-5236-KBH, 2023 U.S. Dist. LEXIS 107797, 2023 WL 4140828, at *3 (E.D. Pa. June 22, 2023); *see also Williams v. Equifax Info. Servs. LLC*, No. 1:24-CV-5698-SEG-WEJ, 2025 U.S. Dist. LEXIS 20743, at *17 (N.D. Ga. Feb. 5, 2025); *accord Weeks v. Credit One Bank*, No. 20-cv-0836-bhl, 2021 U.S. Dist. LEXIS 59277, at *13 (E.D. Wis. Mar. 29, 2021); *De Koning v. Trans Union LLC*, 2026 WL 444957, at *3 (S.D. Fla. Feb. 17, 2026); *Silva v. Santander Consumer USA Inc*., 2026 WL 364426, at *4 (W.D. Wash. Feb. 10, 2026) (quoting *Allen*, 2025 WL 3485873, at *2); *see Johnson v. TransUnion, LLC*, Case No. 1:25-cv-03053-RMB-MJS, Dkt. No. 20, at 9-10 (D.N.J. March 30, 2026). It does not follow that the CRA's procedures must be unreasonable simply because they treated their separate reinvestigations and reporting differently, and that speculation is not enough to state a prima facie 1681e(b) claim.

**3.     PLAINTIFF STILL FAILS TO ADEQUATELY PLEAD AN UNREASONABLE REINVESTIGATION CLAIM UNDER 1681I**

In the Recommendation, the Magistrate found that Plaintiff's own documents submitted with his pleadings belied his allegations regarding the CRAs reinvestigations. Dkt. No. 107, at 11. While Plaintiff's first amended complaint offered only bare bones allegations, the Magistrate construed the complaint liberally and analyzed the claims that Plaintiff *could* have brought, including those for Plaintiff's CAC tradeline. *Id.*, at 8; *Id.*, n.5.  In doing so, the Magistrate reviewed hundreds of pages of Plaintiff's exhibits to come to the conclusion that he did not have a claim. *Id.*, at 11; *see, e.g.,* Dkt. Nos. 3, 4, and 6.

In his Objection, Plaintiff argues that the PSAC allegations are more complete than those contained in his first amended complaint, and as such he has now stated a claim. Dkt. No. 109, at 3 ("These allegations are materially more concrete than those addressed in [the Recommendation] and are sufficient…"); *see also id.*, at 6. Plaintiff fails to address that the Magistrate's Recommendation already "assume[d] for purposes of defendants' motions that plaintiff ha[d] adequately pled an inaccuracy." Dkt. No. 107, at 8. In the PSAC, the majority of Plaintiff's expounded PSAC claims involved clarifying the CAC tradeline that the Magistrate specifically examined as inaccurate. *See, e.g.,* Dkt. No. 108, at ¶¶ 3-5, 26-37, 40-50, 62-68, 80-89. Thus, Plaintiff's objections regarding pleading of an inaccuracy are superfluous. *See, e.g.,* Dkt. No. 109, at 2.

Neither does Plaintiff address the fact that Plaintiff's reinvestigation claims have already been analyzed by the Magistrate through his documents. Dkt. No. 107, at 8, 9, and 11. The Magistrate found that in connection with Plaintiff's disputes, the CRAs "investigated them, and provided the statutorily required responses." *Id.* (citations omitted). Plaintiff's Objection does

nothing more than provide conclusory or general objections to the Magistrate's finding in this respect, and the additional, expounded allegations in the PSAC do not provide additional factual issues to change the analysis of the reinvestigations. As such, the Court may disregard the Objections and deny leave as futile.

## **CONCLUSION**

For the foregoing reasons, Trans Union, Expeerian, and Equifax respectfully request that this Court: (i) adopt the Magistrate's Recommendation granting Trans Union and Equifax's motion to dismiss Plaintiff's Amended Complaint in its entirety; (ii) reject the Magistrate's Recommendation granting Plaintiff leave to amend his FCRA claim as Plaintiff has not shown he can cure the deficiencies; and (iii) grant such other and further relief as this Court deems just and proper.

Date: April 16, 2026

Respectfully submitted,

*s/ Joshua A. Stiers*
Joshua A. Stiers, Esq. (NY# 5256177)
Trans Union, LLC
555 W. Adams Street
Chicago, IL  60661
Telephone: (765) 401-4230
E-Mail:  joshua.stiers@transunion.com

*Counsel for Defendant Trans Union, LLC*


*/s/Brenna J. McGill*
Brenna J. McGill
TROUTMAN PEPPER LOCKE, LLP
875 Third Avenue
New York, New York 10022
Telephone: 213.928.9852
Email: Brenna.mcgill@troutman.com

*Counsel for Defendant*

*Experian Information Solutions, Inc.*

<u>*/s/ Robert T. Szyba*</u>
Robert T. Szyba
rszyba@seyfarth.com
SEYFARTH SHAW LLP
620 Eighth Avenue
New York, New York  10018
Telephone:  (212) 218-5500
Facsimile:  (212) 218-5526

*Counsel for Defendant*
*Equifax Information Services LLC*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true copy of the foregoing has been filed electronically on April 16, 2026. Notice of this filing will be sent to the by operation of the Court's electronic filing system to all counsel/parties of record.

*/s/Brenna J. McGill*
Brenna J. McGill
TROUTMAN PEPPER LOCKE, LLP
875 Third Avenue
New York, New York 10022
Telephone: 213.928.9852
Email: Brenna.mcgill@troutman.com

*Counsel for Defendant*
*Experian Information Solutions, Inc.*